# In the United States Court of Federal Claims

No. 22-297

Filed: September 18, 2024

|  |  |
|---|---|
| DEVENDRA KUMAR JAIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is a Motion to Compel Discovery, ECF No. 92, filed by *pro se* plaintiff Mr. Devendra Kumar Jain ("Mr. Jain"). For the reasons provided below, the Court denies Mr. Jain's motion and directs defendant to file a joint status report expressing both parties' views regarding further proceedings.

## I. Procedural Posture

Mr. Jain is a United States Postal Services ("USPS") employee who entered into a settlement agreement ("Settlement Agreement") with the USPS in 2016. On May 18, 2024, Mr. Jain filed suit for breach of contract, national-origin discrimination, and retaliation in the U.S. District Court for the Southern District of New York ("District Court"). Complaint, ECF No. 1 at 1, 15, *Jain v. DeJoy*, No. 22-2751 (S.D.N.Y. Apr. 2, 2022) [hereinafter *DeJoy*]; Civil Cover Sheet, ECF No. 2. The case was, in a sense, bifurcated when the District Court transferred Mr. Jain's breach of contract claims to this Court while continuing to hear his discrimination and retaliation claims. *See* Transfer Notice at 1, ECF No. 58; Compl. at 1, 15, *DeJoy*. The breach of contract claim is further divided into: (1) whether the USPS has failed to make certain payments promised under the Settlement Agreement; and (2) whether USPS violated the provision of the Settlement Agreement promising that Mr. Jain could apply for "craft or management positions" with "no restrictions," when it did not select him for any of the thirty positions for which he applied in 2016. *See generally* Plaintiff's Motion to Compel Discovery, ECF No. 92 [hereinafter Pl.'s Mot.]; Transfer Complaint Ex. 1 at 6–8, ECF No. 67-1 [hereinafter Transfer Compl.]. The second category, as opposed to the first, overlaps with Mr. Jain's discrimination and retaliation claims.

In the parallel proceedings before the District Court, discovery closed on April 19, 2024. *See generally* Order of April 4, 2022, ECF No. 58, *DeJoy*. Before this Court, discovery was set to end on June 3, 2024. *See generally* Order of March 1, 2024, ECF No. 90. But on May 28,

1

2024, the Court received Mr. Jain's motion to compel discovery.  *See generally* Pl.'s Mot.; Order Directing Filing Under Seal, ECF No. 91.  In the motion, Mr. Jain asks the Court to compel defendant to produce a host of materials that he claims relates to his ability to apply for senior positions in the USPS.  *See generally* Pl.'s Mot.  On June 19, 2024, defendant filed its response, asking the Court to deny the motion in its entirety.  *See generally* Defendant's Response to Plaintiff's Motion to Compel Discovery at 1, ECF No. 93 [hereinafter Def.'s Resp.].  Mr. Jain did not file a reply.

## II.     Mr. Jain's Motion to Compel

Rule 37(a)(1) of the Rules of the United States Court of Federal Claims states that "a party may move for an order compelling disclosure or discovery."  Discovery is appropriate only to the extent that it "is relevant to any party's claim or defense and proportional to the needs of the case."  R. Ct. Fed. Cl. 26(b)(1).  The Court must limit discovery if it finds that the discovery request is "duplicative," or if "the burden or expense of the proposed discovery outweighs its likely benefit."  R. Ct. Fed. Cl. 26(b)(2)(C)(i), (iii).  When deciding a motion to compel, the Court has "broad discretion, guided by the Court's rules."  *New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807, 820 (2015) (citing *Schism v. United States*, 316 F.3d 1259, 1300 (Fed. Cir. 2002) (en banc)).

Mr. Jain argues that defendant is obligated to produce two categories of documents: (1) documents on the USPS hiring committees' membership qualifications and legitimacy for evaluating both his and others' applications for the craft and management positions at issue; and (2) documents on whether the USPS engaged in discrimination and retaliation while considering his job applications.  *See generally* Pl.'s Mot.  In response, defendant argues that the documents Mr. Jain requested are not relevant, and even if they are, that defendant has already produced every relevant document it could locate during the administrative investigation of Mr. Jain's discrimination claims, which took place in 2017.  *See* Def.'s Resp. at 5–8.  The Court disagrees with Mr. Jain for three reasons.

First, the Court concludes that the documents on the hiring committees' membership are not relevant to Mr. Jain's breach of contract claim.  The requested documents include: the names of the hiring officials; copies of their qualifications and disqualifications; and certain hiring skills certifications.  *See generally* Pl.'s Mot.  The Settlement Agreement only states that Mr. "Jain will have no restrictions . . . on applying for craft or management positions."  Transfer Compl. Ex. 1 at 8.  This language promises, at best, that Mr. Jain would be considered on an equal footing with other applicants.  It does not promise that the hiring officials will possess any particular certifications or qualifications, nor does it promise that the USPS will follow any specific hiring procedures.  Accordingly, the Court does not see how being considered by officials lacking certain qualifications and certifications could amount to a "restriction" in violation of the "no restrictions" provision of the Settlement Agreement.  *Id.*

Next, the Court finds it judicially inefficient to conduct discovery related to Mr. Jain's discrimination and retaliation claims while those same issues are currently being decided in the District Court.  Mr. Jain requests documents relating to his discrimination and retaliation claims that include: the names and demographic information of all applicants; changes relating to the

job openings; the interview status of all applicants; emails between agency hiring officials; additional explanation on why Mr. Jain was not eligible for certain jobs; Mr. Jain's Freedom of Information Act ("FOIA") requests regarding all Equal Employment Opportunity cases against certain agency officials; and copies of job postings. *Id.* The Court acknowledges that, in the abstract, information that would tend to prove discrimination or retaliation would be relevant to whether defendant breached the "no restrictions" provision of the Settlement Agreement. However, the District Court is currently deciding whether discrimination or retaliation occurred in this case. *See* Transfer Notice at 1; Compl. at 1, *DeJoy*. Just as the Court may stay a case to promote judicial efficiency, *see Braswell v. United States*, 155 Fed. Cl. 148, 150 (2021), this Court likewise finds it judicially inefficient to conduct discovery related to Mr. Jain's discrimination and retaliation claims while those same issues are being actively decided in the District Court. Thus, at a minimum, it is prudent to stay discovery on issues being litigated in the District Court. But the Court will go further and deny Mr. Jain's request because defendant credibly reports that it has already produced every relevant document related to the job postings at issue that could be located during the administrative investigation of Mr. Jain's discrimination claims. *See* Status Report at 1, ECF No. 61, *DeJoy*, No. 22-2751 (S.D.N.Y. May 17, 2024); *cf. New Orleans Reg'l*, 122 Fed. Cl. at 815 ("The party moving to compel discovery bears the burden of proving that the opposing party's answers are incomplete.").

Finally, the Court does not have subject-matter jurisdiction over Mr. Jain's FOIA claims as they are not money-mandating. *See Gelb v. United States*, No. 23-203C, 2023 WL 2707243, at *4 (Mar. 30, 2023). Mr. Jain requests the Court's assistance with his FOIA requests, *see generally* Pl.'s Mot., but the Court is not involved in processing or enforcing FOIA requests. *See Gelb*, 2023 WL 2707243, at *4.

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** Mr. Jain's Motion to Compel Discovery in its entirety.

Furthermore, given that the claims based on the "no restrictions" provision of the Settlement Agreement overlap with proceedings in the District Court, but the claims based on other clauses in the Settlement Agreement do not, defendant **SHALL** confer with Mr. Jain and file, **on or before October 18, 2024**, a joint status report expressing both parties' views on: (i) whether proceedings in this case should be stayed in part pending a decision by the District Court; and (ii) if so, the appropriate scope of summary judgment briefing in this Court while proceedings in the District Court are ongoing.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*
Loren A. Smith,
Senior Judge